Submitted May 5; convictions on Counts 1 and 4 reversed and remanded, remanded for resentencing, otherwise affirmed June 16; petition for review denied August 26, 2021 (368 Or 514)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BYRON EDWARD DAVIS,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR49635; A171261

488 P3d 836

Leslie G. Bottomly, Judge.

Frances J. Gray filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 1 and 4 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted by nonunanimous jury verdicts of fourth-degree assault constituting domestic violence (Count 1) and attempted second-degree assault (Count 4). He was also convicted by unanimous jury verdicts of second-degree assault constituting domestic violence (Count 2), unlawful use of a weapon constituting domestic violence (Count 3), and unlawful use of a weapon (Count 5). Defendant appeals the judgment of conviction and raises four assignments of error. We reject his fourth assignment without discussion. In his first two assignments, defendant contends that the trial court erred under the Sixth Amendment to the United States Constitution by instructing the jury that it could render nonunanimous verdicts and by accepting nonunanimous verdicts.[1] Defendant asserts that the trial court's error was structural and requires reversal of all of his convictions.

In response, the state concedes that the trial court erred by instructing the jury that it could return a nonunanimous verdict and by accepting nonunanimous verdicts on Counts 1 and 4. The state argues that instructing the jury that it could return a nonunanimous verdict did not constitute structural error and is harmless as to Counts 2, 3, and 5.

We agree with the state and accept its concession as to Counts 1 and 4. The nonunanimous jury instruction violated the Sixth Amendment. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1396, 206 L Ed 2d 583 (2020). The Oregon Supreme Court has held, however, that providing a nonunanimous jury instruction is not a structural error that requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Here, the verdicts on Counts 2, 3, and 5 were unanimous, and, therefore, the error was harmless as to those counts. *Id.* at 329.

Convictions on Counts 1 and 4 reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] Our disposition of defendant's first and second assignments of error obviates the need to reach his unpreserved third assignment in which he contends that, by imposing sentence when some of the verdicts were nonunanimous, the trial court violated Article I, section 16, of the Oregon Constitution.